In the Matter of DANIEL E. IFSHIN, an Attorney, Respondent.

First Department, November 15, 1935.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Joseph J. Dreyer* of counsel, for the respondent.

MARTIN, P. J. The respondent was admitted to the bar on the 11th day of March, 1931, at a term of the Appellate Division of the Supreme Court, Second Department.

By the petition herein he is charged with having interposed a false answer and affidavit in a summary proceeding for the purpose of delay. He swore to the existence of an oral lease for one year between a landlord and a tenant, respondent's client, although a written lease had been entered into between the parties providing for a month to month tenancy. The matter was referred to an

official referee, whose report, now before this court for confirmation, rejects the defense of the respondent that he acted in good faith in interposing the answer and affidavit complained of and in applying for an adjournment based thereon, and finds the respondent guilty.

Prior to May 3, 1932, Mrs. Beckie Binder, the aunt of the respondent, was the owner of a two-family house known as 2136 Sixty-ninth street, Brooklyn, N. Y. She occupied with her husband one of the two apartments therein. Three mortgages thereon were outstanding, the first owned by the New York Title Company, the second by Mrs. Bessie Taylor, and the third by Mr. Irving Becker, the son-in-law of the latter. The owner was in default in payments due on the third mortgage and Mr. Becker suggested that he be paid one hundred fifty dollars a month and the rent collected from the tenant of the other apartment in the building. When this proposition was declined, Mr. Becker said he would foreclose. Thereafter, Mr. Becker offered to pay two hundred dollars for a deed to the premises and permit Mrs. Binder to remain as a tenant at eighty dollars per month with a five dollar monthly reduction for taking care of the furnace. Mrs. Binder and her husband thought this offer more to their liking. Mr. Becker thereafter called at their home with an attorney who had papers prepared to consummate the transactions, but the Binders refused to sign anything until they had their attorney look over the papers.

The respondent is a nephew of Mrs. Binder and he was called upon to look after the interests of his aunt. He entered into the transaction without receiving any compensation. Thereafter and on May 3, 1932, the parties, each represented by counsel, met at the office of Mr. Schor, the attorney for Mr. Becker, and the property was deeded to Mr. Becker and two hundred dollars was paid therefor to Mrs. Binder. There is a conflict in the evidence as to just what took place at that meeting in addition to the deeding of the premises. It is admitted that a lease was signed by Mrs. Binder giving her a month to month tenancy in the premises. However, the respondent and Mr. Binder both testified upon the hearing before the referee that it was their understanding that a month to month lease was not signed but that it was orally agreed by Mr. Becker that Mrs. Binder was to be permitted to remain in the premises as a tenant as long as she wished.

For two months thereafter Mrs. Binder remained in the apartment despite a notice to the effect that she should move at the end of the second month. Becker then started summary proceedings based upon the written month to month lease. When the case was called the respondent interposed an oral answer

based upon an oral lease for one year. The case was adjourned, over his objection, to a date when he found it impossible to be present, but he submitted an affidavit setting forth that the defense was based upon an oral lease for one year. He is now charged with having interposed the oral answer and with having submitted the affidavit knowing that they were false.

Upon the hearing before the referee the respondent testified that he called the attention of Mr. Binder, who handled all the business transactions relating to the property, although it was in his wife's name, to the fact that the written agreement (prepared by Becker's attorney, Mr. Schor) did not give Mrs. Binder the right to live in the premises for one year and did not provide her with an option to repurchase the property. When this matter was called to the attention of Mr. Becker and his attorney, Mr. Becker said that he would permit the Binders to remain in the premises as long as they wanted to, especially during the year that Mrs. Binder wanted to live there. As to the option, Mr. Becker said that he did not want the property and that if the Binders could buy it back he would be glad to resell it. Because of the foregoing statements by Mr. Becker, the respondent said that he left the meeting fully convinced that the Binders were given an oral lease for one year with an option to buy. He said that the reason it was not put in writing was that Mr. Schor (Mr. Becker's attorney) did not want to go to the trouble of changing the papers, and the Binders agreed to accept the word of Mr. Becker.

In support of the testimony of the respondent the record contains the testimony of his client, Mr. Binder. He said that when he asked why there was no provision in the agreement for a year's tenancy Mr. Becker said: " You do not have to have that, my word is good enough. You know me. If I say that you will be sure to have a year, and you do not have to change all the papers and that is final."

The testimony of Mr. Becker supports the claim of the respondent that his clients were orally told that they could stay in the premises for a year at least and that the written lease would not apply. Mr. Becker testified: "A. * * * I said: ' You can stay as my tenant.' Of course at that time I could not foresee any moving out of the other tenant, which completely upset all plans for the house, I said: ' You can stay there as long as you wish, and try to save a little money, perhaps, to rebuy your house.' "

A careful consideration of the record leads to the conclusion that the respondent was sincere in his belief that there was an oral lease between the parties, and that he did not interpose his

oral answer or submit his affidavit in a deliberate attempt to mislead the court. Mr. Becker's testimony as set forth above supports the conclusion that when his second tenant moved out shortly after the agreement with the Binders was entered into he decided to take over the entire building for his mother-in-law, Mrs. Taylor, the second mortgagee, and himself, and, therefore, instituted the dispossess proceedings.

The fact that the respondent erred in relying upon an oral lease for one year in the face of the written month to month lease instead of setting up the defense of fraud or attempting to reform the written instrument should not subject him to punishment in a disciplinary proceeding.

At the time these charges were preferred against him the respondent had very little experience as a practicing attorney. He was admitted about one year and had handled but several real estate transactions. No other charges were ever preferred against the respondent.

In view of that fact and the facts set forth herein, the proceedings should be dismissed.

McAvoy, O'Malley, Townley and Glennon, JJ., concur.

Proceedings dismissed.